IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN ROBIN DURRANCE, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Warden VICTOR L. WALKER, *et al.*, | : | NO. 5:11-CV-369-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## ORDER TO SUPPLEMENT

Plaintiff **JOHN ROBIN DURRANCE**, an inmate at Baldwin State Prison ("BSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required under section 1915(b)(1) to pay the full filing fee, as will be directed in a future order.

Plaintiff complains that the Defendants, BSP Warden Victor L. Walker and John Doe Georgia Department of Corrections "Medical Director-Chief Physician," have violated Plaintiff's constitutional rights by denying him his medically prescribed "soft shoes" for more than nine months. Plaintiff states he has been provided with a shoe that is "not fit to be called a soft shoe," in that the sole is hard, there is no arch support, and the shoe does not satisfy Plaintiff's "medical needs." Plaintiff believes that the Defendants are only interested in saving the State money.

Plaintiff seeks only injunctive relief, in the form of appropriate soft shoes.

The Court finds that additional facts are needed to screen Plaintiff's complaint as required by 28 U.S.C. § 1915A. Specifically, Plaintiff is **DIRECTED** to answer the following questions:

(1) What is the nature of Plaintiff's foot condition that requires him to wear soft shoes?

(2) Who prescribed the soft shoes for Plaintiff and when were they prescribed?

(3) What injuries has Plaintiff suffered as a result of the allegedly improper shoes?

(4) How and on what date(s) did Plaintiff inform each Defendant that he was having trouble obtaining his medically required soft shoes, or how did each Defendant otherwise know of plaintiff's need?

(5) What specific actions or omissions of the named Defendants violated Plaintiff's rights?

Plaintiff shall have twenty-one (21) days from the date of this Order to submit a supplement to his complaint in which he answers the above questions. No new claims will be considered. If Plaintiff fails to respond to this Order in a timely manner, this action shall be dismissed. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 30th day of September, 2011.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE